Cite as 2024 Ark. App. 437

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-839

TRELON NEAL

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered September 18, 2024

APPEAL FROM THE DREW
COUNTY CIRCUIT COURT
[NO. 22CR-22-143]

HONORABLE ROBERT B. GIBSON III,
JUDGE

AFFIRMED

**MIKE MURPHY, Judge**

The Drew County Circuit Court revoked appellant Trelon Neal's probation and sentenced him to six years' imprisonment. On appeal, Neal challenges the sufficiency of the evidence supporting the revocation. We affirm.

In 2022, Neal pleaded guilty to one count of aggravated assault and received sixty months' probation. At the time the sentencing order was entered, a signed plea agreement was also entered that outlined the conditions Neal was to abide by during probation. Among other provisions, the terms and conditions included that he not commit any offense punishable by confinement in jail or prison and that he not associate with any felon or those planning or committing crimes. On June 7, 2023, the State petitioned to revoke Neal's probation, alleging he committed new criminal acts, associated with other persons who were

planning to commit offenses, and he had not made payments toward his fines, fees, and costs.

A revocation hearing was conducted on September 11, and the court took notice of the conditions of Neal's probation. A Walmart store investigator testified that he received information about a shoplifted cell phone, so he reviewed security footage. The footage was admitted and played during the revocation hearing. The testimony and footage revealed that a group of five individuals gathered at the cell phone sales counter. The five individuals were Neal; Neal's cousin, Jamie Robinson; Neal's girlfriend, Messiah Moore; and Neal's siblings, Terrance Moore and Takila Marshall. The Walmart investigator explained that, due to their value, cell phones are locked behind the counter, requiring retrieval by an employee and only for customers who express an intent to purchase a phone. The security video shows a salesclerk retrieving and handing a cell phone to Messiah. Then, while engaged in the potential sales transaction with Neal, Messiah hands the phone to Robinson, who puts it in his sweatshirt and leaves the area. Shortly after, the other four individuals are seen following Robinson and leaving the store together. A still photograph of the footage showed Neal carrying a phone charging cable. The investigator confirmed that the phone was not paid for, and it was not returned. The investigator testified that the value of the stolen phone was $1,149.

Robinson testified that he pleaded guilty to the theft of the phone and other items from Walmart and that his plea agreement included testifying at Neal's hearing. He testified that Neal and Messiah paid him to steal the phone.

Neal's siblings testified for the defense. They both explained that they picked up Neal, Messiah, and Robinson to go to Walmart so Neal could buy Messiah a phone. They explained the phone "came up missing," and then all five left the store together in the same car. They testified that once back in the car, Messiah asked Robinson to hand her the phone. They said Neal appeared surprised when Robinson pulled out the phone and handed it to Messiah as if he was unaware that the phone had been taken from Walmart.

At the conclusion of the hearing, the court found that Neal inexcusably violated two conditions of his probation—that he not commit any offense punishable by confinement in jail and that he not associate with those who are committing crimes. Neal's probation was revoked, and he was sentenced to six years in the Arkansas Division of Correction on the underlying charge. Neal filed a timely notice of appeal.

On appeal of a revocation, we determine whether the circuit court's findings are clearly against the preponderance of the evidence. *Vail v. State*, 2019 Ark. App. 238. To revoke probation, the State has the burden of proving that a condition of probation was violated. *Id.* Because the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt, evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id.* Proof of just one violation of the probation terms and conditions is sufficient to support revocation. *Id.* Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the circuit court's superior position in this regard. *Mosley v. State*, 2023 Ark. App. 103, at 6.

The circuit court did not err in finding that Neal inexcusably violated the conditions of his probation. Neal argues there is no evidence that he knew a crime was being committed. Rather, he claims he was merely present when others stole the phone. We are not persuaded. Video evidence shows Neal worked with the others to procure the phone and steal it. Additionally, Neal can be seen on the same video walking out of the store with a phone charging cable. Further, Robinson testified that Moore and Neal paid him to steal the phone and that he delivered it to them after they left the store. *See Clark v. State*, 2019 Ark. App. 158, at 6–7, 573 S.W.3d 551, 555 (holding the uncorroborated testimony of an accomplice is a sufficient basis for a revocation of probation). Moreover, even if Neal was unaware of what the others were doing, one of the conditions of his probation was that he not associate with individuals committing crimes.

Accordingly, the circuit court did not err in finding that Neal inexcusably violated the conditions of his probation that required he not commit any crimes or associate with those who are committing crimes. As the court explained after observing the evidence and demeanor of the witnesses, "all five of the individuals were more than aware of what was happening in that store." We affirm.

Affirmed.

THYER and HIXSON, JJ., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

4